UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Kenya Lenee Sinclair,<br><br>          Plaintiff,<br><br>v.<br><br>Gustavo Culbeaux,<br>Minnesota State Patrol,<br>and State of Minnesota,<br><br>          Defendants. | Case No. 25-cv-02365 (JMB/ECW)<br><br>**ORDER** |

This matter is before the Court on Plaintiff's Motion to Appoint Pro Bono Counsel due to Disability and Complex Claims (Dkt. 5) ("Motion"). For the reasons stated below, the Motion is denied without prejudice.

Plaintiff Kenya Lenee Sinclair ("Sinclair") has brought an action under 42 U.S.C. § 1983 against Defendant Gustavo Culbeaux in his individual and official capacities, the Minnesota State Patrol, and the State of Minnesota, asserting that they violated her rights under the Fourth (excessive force) and Fourteenth (due process) Amendments to the U.S. Constitution. (Dkt. 1.) She has also asserted a violation of the Americans with Disabilities Act, a violation of 42 U.S.C. § 12132, and a number of state law common law claims, all stemming from an alleged traffic-related incident. (Dkt. 1.)

Defendants' responses to the Complaint are due on August 11, 2025. (Dkt. 9.)

## ANALYSIS

Sinclair has brought a request to the Court for the appointment of counsel to represent her in further litigating the present civil matter (Dkt. 5), as well as a supporting Declaration from herself in support (Dkt. 6).

In civil proceedings, there is no constitutional nor statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013) (citation omitted). The appointment of counsel for indigent litigants is discretionary, pursuant to 28 U.S.C. § 1915(e). *See id.*; *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997); *Mosby v. Mabry*, 697 F.2d 213, 214 (8th Cir. 1982). Relevant factors in determining whether appointment of counsel is appropriate are the factual complexity of the case, the complexity of the legal arguments, the ability of the litigant to present his claims, and whether both the parties and the Court would benefit from the indigent being represented by counsel. *See Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006) (citing *Edgington v. Missouri Dep't of Corr.*, 52 F.3d 777, 780 (8th Cir. 1995), *abrogated on other grounds*, *Doe v. Cassel*, 403 F.3d 986, 989 (8th Cir. 2005)); *Johnson v. Williams*, 788 F.2d 1319, 1322 (8th Cir. 1986) (quoting *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1005 (8th Cir. 1984)).

Sinclair asserts in her Declaration, in part, that she needs appointment of counsel due to several disabilities, which she claims limit her ability to conduct legal research and write motions; and on the basis that the case involves complex constitutional, civil rights, and human rights issues. (Dkt. 6 ¶¶ 3-4; *see also* Dkt. 5.)

In this case, the Court finds that neither the facts nor legal issues are overly complex such that appointment of counsel would be warranted, and Sinclair's conclusory assertions to the contrary do not suffice given that the case is in its early stages.

While Plaintiff also asserts that she needs the appointment of counsel due to certain disabilities, she has provided the Court with no proof of this assertion. Regardless, Plaintiff has demonstrated she possesses the threshold ability to articulate claims and argue her position, despite her assertions to the contrary. Further, to the extent Plaintiff seeks appointment of counsel under the ADA, "there is no requirement under the ADA that courts provide legal counsel for a person with disabilities." *Day v. Ellison*, No. 23-CV-3826 (PAM/ECW), 2024 WL 2867736, at *1 (D. Minn. May 10, 2024) (quoting *Douris v. New Jersey*, 500 F. App'x 98, 101 (3rd Cir. 2012)) (collecting cases).

For all of the foregoing reasons, Plaintiff's request for counsel is denied without prejudice.

## **ORDER**

Based on the files, records, and proceedings herein, **IT IS ORDERED THAT**: Plaintiff's Motion to Appoint Pro Bono Counsel due to Disability and Complex Claims (Dkt. 5) is **DENIED WITHOUT PREJUDICE**.

Dated: July 10, 2025

*s/Elizabeth Cowan Wright*
ELIZABETH COWAN WRIGHT
United States Magistrate Judge